IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SUSAN HERBERT, on her own and          :
on behalf of her minor sons,           :
E and C,                               :
                                       :
         Plaintiff,                    :
                                       :
    v.                                 :   Civil Action No. 07-532-JJF
                                       :
UNITED STATES OF AMERICA,              :
                                       :
         Defendant.                    :

Susan Herbert, on her own and on behalf of her minor sons, E and C, <u>Pro se</u> Plaintiff, Neptune Beach, Florida.

**MEMORANDUM OPINION**

September 25, 2007
Wilmington, Delaware

**Farnan, District Judge**

    Plaintiff Susan Herbert, on her own and on behalf of her minor sons, E and C, filed this action on September 4, 2007, alleging violations of her constitutional rights. She appears <u>pro se</u>. In addition to her Complaint, Plaintiff filed a Motion For Leave To Proceed <u>In Forma Pauperis</u> pursuant to 28 U.S.C. § 1915, a Motion To Be Heard In The Supreme Court, and a Motion To Commence A Run-Off Election. (D.I. 1, 2, 3, 4.)

    For the reasons discussed below, the Court will grant the Motion To Proceed In Forma Pauperis, will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and will deny the remaining pending Motions.

**I. BACKGROUND**

    Plaintiff alleges that the United States of America has violated the separation of powers in every branch of the government as "women, children and Armed Service personnel" are "being made to die for the institutions of government and not in defense of constitutions." (D.I. 2.) Her claim appears to arise out of her displeasure over the outcome of the presidential election between George Bush and Al Gore. She sets forth a litany of violations including, but not limited to, the following: the United States Supreme Court violated separation of power when it assumed the power of one (referring to a vote), President William Clinton failed to fulfill his duties as

president and abandoned his command, the United Supreme Court denied writs of certiorari filed by Plaintiff, and Bush v. Gore, 531 U.S. 98 (2000) (per curiam) violated the law.

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403,

406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). However, fantastical or delusional claims that are clearly baseless are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 5, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

III. **ANALYSIS**

Initially, the Court notes that Plaintiff has filed virtually identical Complaints in several federal courts. Three of those cases have been dismissed as frivolous: Herbert v. United States of America, C.A. No. 07-mc-08016 (D. Or. Sept. 18, 2007), Herbert v. United States of America, C.A. No. 07-cv-03804-BMS (E.D. Pa. Sept. 17, 2007), and Herbert v. United States of America, C.A. No. 07-cv-00121-JDT-WGH (S.D. Ind. Sept. 10, 2007).[1] Other identical Complaints are pending in the following cases: Herbert v. United States of America, C.A. No. 07-cv-00207-WFD (D. Wyo.), Herbert v. United States of America, C.A. No. 07-cv-05067-KES (D.S.D.), Herbert v. United States of America, C.A. No. 07-cv-02417-RDB (D. Md.), Herbert v. United States of America, C.A. No. 07-cv-00919-LEK-DRH (N.D.N.Y.), and Herbert v. United States of America, C.A. No. 07-fp-00281 (D.N.H.)

The United States of America is the only named Defendant. It is well established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity. United States v. Mitchell (I), 445 U.S. 535, 538 (1980). A waiver of sovereign immunity cannot be implied but

---

[1] In C.A. No. 07-cv-00121-JDT-WGH the Court admonished Plaintiff that filing an identical lawsuit with such proliferation in the federal courts could be deemed abuse and result in appropriate sanctions.

must be unequivocally expressed. Id. (citing United States v. King, 395 U.S. 1, 4 (1969)). Moreover, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell (II), 463 U.S. 206, 212 (1983). Finally, Plaintiff's allegations are clearly baseless and fail to establish that she, on behalf of her minor children, has been deprived of a constitutionally or federally protected right. Therefore, the Court will dismiss her Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Based upon the foregoing analysis, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). The Court will grant the Motion To Proceed In Forma Pauperis and will deny all other pending motions. An appropriate Order will be entered.